IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DERRICK ANTON ROGERS,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 61560-019,** | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:09-CR-441-TWT-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:13-CV-1007-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Derrick Anton Rogers, filed a *pro se* motion to void judgment pursuant to Federal Rule of Civil Procedure 60(d)(3). [Doc. 125 in 1:09-cr-441-TWT-AJB-1.]¹ The Court recharacterized that motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [Doc. 132.] Respondent filed a response in opposition, [Doc. 136], to which Movant did not reply. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.   Background**

In an indictment returned on October 7, 2009, Movant was charged with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g) & 924(e)

---

¹ Citations to the record in this Final Report and Recommendation refer to case number 1:09-cr-441-TWT-AJB-1.

(Count One). [Doc. 2-1.] On January 26, 2010, Movant filed a motion to suppress. [Doc. 30.] On March 24, 2011, the undersigned recommended that the motion to suppress be denied. [Doc. 80.] Movant then entered an unconditional plea of guilty on May 5, 2011, without the District Court having ruled on the undersigned's recommendation regarding the motion to suppress. [Doc. 84.] On July 26, 2011, the Court sentenced Movant to 180 months imprisonment, followed by five years supervised release. [Doc. 103 at 1-3.]

On August 8, 2011, Movant appealed the undersigned's recommendation on the motion to suppress to the United States Court of Appeals for the Eleventh Circuit. [Doc. 104.] The Eleventh Circuit dismissed the appeal for lack of jurisdiction on February 23, 2012. [Doc. 124.] Movant executed his recharacterized § 2255 motion on November 20, 2012. [Doc. 125 at 14.] Respondent does not dispute that the § 2255 motion is timely under 28 U.S.C. § 2255(f).

## II.     28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

2

collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted). In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255

3

motion and record conclusively show that Movant is entitled to no relief.

## III. Discussion

In his § 2255 motion, Movant challenges the legality of his arrest and the related seizure of evidence. [Doc. 125 at 5-10.] However, a criminal defendant who has pleaded guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The entry of a guilty plea "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)); *see also United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (stating that unconditional guilty plea waives "all challenges to the factual basis underlying [an offense] and all other non-jurisdictional challenges to it"); *United States v. Olivas*, 43 Fed. Appx. 226, 227 (10th Cir. July 23, 2002) ("Suppression issues are not jurisdictional and an unconditional guilty plea forecloses a defendant from obtaining review of a district court's order denying his motion to suppress."); *Ortega v. United States*, 897 F. Supp. 771, 776 (S.D.N.Y. 1995) (holding that defendant's pretrial motions, including motion to suppress, were non-jurisdictional

4

and thus waived upon unconditional guilty plea). Because Movant entered an unconditional guilty plea and thereby waived his right to challenge the factual basis underlying his conviction, he is not entitled to any relief in this § 2255 action.[2]

## IV. Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or

---

[2] Respondent "attempts to foreclose" other claims that Movant might have raised in his § 2255 motion. [*See* Doc. 136 at 12-17.] Because Movant did not raise those claims, the undersigned does not address them.

5

> correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) the § 2255 motion to vacate, set aside, or correct sentence, [Doc. 125], be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:13-cv-1007-TWT-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

AO 72A
(Rev.8/82)

**IT IS SO RECOMMENDED and DIRECTED**, this   18th   day of March, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)